IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff,

v.                                                                                             Civ. No. 22-928-GBW

DEMAR-LASHUN BEY,

    Defendant.

## ORDER DENYING MOTION FOR RECUSAL

THIS MATTER comes before the Court upon Defendant's Motion/Demand for Immediate and Emergency Recusal (the "Motion"). *Doc. 11*. Defendant, who is proceeding *pro se*, removed Case No. M-34-TR-202201658, which includes charges for violating "Statute 66-05-229," "No Proof of Insurance," and "Statute 66-07-351," "Stopping or Parking Prohibited in Specific Places," from Deming Magistrate Court to this Court. *See doc. 1*; *doc. 10* at 3.

On January 5, 2023, the Court notified Defendant that he has not shown that his case in Deming Magistrate Court is removable pursuant to 28 U.S.C. § 1441 or that the Court has jurisdiction over this matter, and it ordered Defendant to show cause why the Court should not remand his case to Deming Magistrate Court. *See doc. 10* at 7.

Defendant now moves the undersigned to recuse from this action. Defendant cites several legal authorities and states:

> demar-lashun: bey, a living and self-aware natural man, is hereby moving the above-named [JUDGE] to recuse himself on the basis of a lack of impartiality to this matter and, thereby, has created a conflict of interest in said matter.  The above-mentioned [JUDGE] has deliberately violated my God-giving, Constitutional, Treaty, and International Rights as shown in his ORDER TO SHOW CAUSE.  In closing, he is *not* fit to oversee this case by any means.

*Doc. 11* at 2-3 (citing 28 U.S.C. § 455, United States Supreme Court cases, and the United States Constitution) (emphasis and brackets in original).

The undersigned denies Defendant's Motion to recuse because the Motion does not contain any factual allegations supporting Defendant's assertions that the undersigned lacks impartiality, has a conflict of interest, or has violated any of Defendant's rights.  *See United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) ("Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute 'must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995))).

IT IS ORDERED that Defendant's Motion/Demand for Immediate and Emergency Recusal (*doc. 11*) is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE