IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

      Plaintiff,

v.    No. 2:22-cv-00928-KWR-GBW

DEMAR-LASHUN BEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## REMANDING CASE TO DEMING MAGISTRATE COURT

Defendant, who is proceeding *pro se*, removed his case from Deming Magistrate Court stating:

> i, minister demar-lashun: bey, in propria persona, sui juris, aboriginal, indigenous 1828 american of moorish descent, at care of 2311 Ranch Club Road #179, [Silver City Territory, New Mexico] Republic, Zip Exempt.
>
> i, minister demar-lashun: bey, freehold by inheritance with inalienable God-giving [sic] rights, protected and secured, makes with this NOTICE OF REMOVAL of the unconstitutional Complaint – Summons / Ticket – Civil Suit / Bill of Exchange / Civil Action Number: **M-34-TR-202201658**.

[sic] Legal Notice of Removal and Civil Suit at 2, Doc. 1, filed December 5, 2022 ("Notice of Removal") (brackets and bold in original).  Defendant also asserts that the Deming Magistrate Court Judge, the Deming Magistrate Court Manager and New Mexico State Police Officers violated Defendant's constitutional rights.  *See* Notice of Removal at 1, 3-4, Defendant further contends that the Deming Magistrate Court does not have subject matter or personal jurisdiction in this matter.  *See* Notice of Removal at 4-5.  Defendant seeks injunctive relief and monetary damages.  *See* Notice of Removal at 6-8.

Records for the case *State of New Mexico v. Demario Lashun Hankins*, Case No. M-34-TR-202201658 indicate that Demario Lashun Hankins[1] was charged with violating "Statute 66-05-229," "No Proof of Insurance," and "Statute 66-07-351," "Stopping or Parking Prohibited in Specific Places." *State of New Mexico v. Demario Lashun Hankins*, New Mexico Courts Case Lookup, https://caselookup.nmcourts.gov/caselookup/app (visited December 22, 2022, and February 1, 2023).

It appears Defendant removed the case, No. M-34-TR-202201658, from Deming Magistrate Court pursuant to 28 U.S.C. § 1441 because he states Case No. M-34-TR-202201658 is a "Civil Action," and that this Court has federal question and diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331-1332. Notice of Removal at 1-2; *see also* 28 U.S.C. § 1441 (providing for removal of civil actions where the Court has original jurisdiction or diversity jurisdiction).

Chief United States Magistrate Judge Gregory B. Wormuth notified Defendant that:

> Defendant has not shown that his case in Deming Magistrate Court is removable pursuant to 28 U.S.C. §§ 1441. Section 1441 provides for the removal of civil actions. Defendant has not shown that the case he is attempting to remove from Deming Magistrate Court is a civil action. The State of New Mexico charged Defendant with violating New Mexico Statute 66-5-229, No Proof of Insurance, and New Mexico Statute 66-7-351, Stopping or Parking Prohibited in Specific Places, both of which are misdemeanors. *See* N.M. Stat. Ann. § 66-7-3(E) ("Failure to comply with Subsection C of this section [to carry evidence of financial responsibility in the vehicle at all times while the vehicle is in operation on the highways of New Mexico] is a misdemeanor"); N.M. Stat. Ann. § 66-7-3 ("**Required obedience to traffic laws.** It is unlawful and, unless otherwise declared in the Motor Vehicle Code with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in Article 7 of Chapter 66 NMSA 1978") (bold in original).

---

[1] Defendant filed a document in another case which states that he was "Formerly known as Demario Hankins." *See* Tribal Court Ordered Name Correction Pursuant to Aboriginal & Federal Law, Doc. 1-1, filed October 24, 2022, in *State of New Mexico v. Bey*, No. 2:22-cv-00790-JB-KRS (remanded to Bayard Magistrate Court, Grant County, State of New Mexico, on December 20, 2022).

> Furthermore, Defendant has not shown that the Court possesses subject-matter jurisdiction over his case in Deming Magistrate Court under 28 U.S.C. § 1331 because he has not shown that his case arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States") (emphasis added).  Defendant's allegations that officers of the State of New Mexico violated his constitutional rights are not sufficient to establish federal question jurisdiction.  *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction").
>
> Defendant also has not shown that the Court possesses diversity jurisdiction over his case in Deming Magistrate Court under 28 U.S.C. § 1332.  "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted).  "Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile." *State Farm Mut. Auto. Ins. Cop. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Defendant stated he is "at care of 2311 Ranch Club road #179, [Silver City Territory, New Mexico] Republic, Zip Exempt," and elected to be notified by the Court of filings in this case at the following address: "Care of 2311 Ranch Club Road # 179, [Silver City, New Mexico 88061]."  Notice of Removal at 2 (brackets in original); CM/ECF Pro Se Notification Form, Doc. 5, filed December 5, 2022 (brackets in original).  Defendant has not shown that he has a residence outside of New Mexico where he intends to remain indefinitely.

Order to Show Cause at 4-5, Doc. 10, filed January 5, 2023.

Judge Wormuth ordered Defendant to show cause why the Court should not remand his case to Deming Magistrate Court and notified Defendant that failure to timely show cause may result in the Court remanding Defendant's case to Deming Magistrate Court.  *See* Order to Show Cause at 7.  Defendant did not show cause by the January 26, 2023, deadline.

Defendant has not shown that he can remove his case from Deming Magistrate Court pursuant to 28 U.S.C. § 1441 because his case is not a civil action and Defendant has not shown that the Court has jurisdiction over the action in Deming Magistrate Court.  Consequently, the

4

Court must remand this case to Deming Magistrate Court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**IT IS HEREBY ORDERED** that this case is **REMANDED** to Deming Magistrate Court, Luna County, State of New Mexico.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**